J-S26011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES BALDWIN | : | |
| | : | |
| Appellant | : | No. 829 EDA 2018 |

Appeal from the Judgment of Sentence February 16, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0805051-2004

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 05, 2019**

James Baldwin appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following revocation of his probation. Additionally, his court appointed counsel, Shonda Williams, Esq., seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant Williams's petition to withdraw and affirm Baldwin's judgment of sentence.

On February 2, 2005, Baldwin pled guilty to possession with intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30).[1] Pursuant

---

* Retired Senior Judge assigned to the Superior Court.

[1] According to the criminal complaint, the controlled substance in Baldwin's possession was heroin. ***See*** Criminal Complaint, 8/4/2004.

to a negotiated plea agreement, Baldwin was sentenced to 1 year County Intermediate Punishment, followed by 2 years' probation. Over the next ten years, Baldwin's probation was revoked on four separate occasions resulting in several state and county prison sentences. Baldwin's probation was revoked for the fifth time on January 17, 2018. The revocation court sentenced Baldwin to 11 ½ to 23 months' imprisonment with credit for time served. This appeal follows.

As an initial matter, we must note the transcript from Baldwin's plea and original sentencing hearing is unavailable.[2] Without notes of testimony, we are unable to conduct an independent review, as required by **Anders**, of the *entire* record for any non-frivolous issues. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1249-50 (Pa. Super. 2015). However, we need only conduct a "simple" review of the record. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). The purpose of this review is to determine if, "on its face, there are non-frivolous issues that counsel … missed or misstated." **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018). Since this transcript is not in the certified record, and we have received reassurance it cannot be added, we are precluded from considering it. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). As our independent review of the record actually before us reveals no

---

[2] The designated court reporter has informed this Court that the transcript cannot be produced.

issues that counsel missed or mistated, we will confine our scope of review to the single issue Attorney Williams identified as non-frivolous in her ***Anders*** brief.

Prior to addressing the merits of Baldwin's requested appeal, we must examine Attorney Williams's request to withdraw. To withdraw pursuant to ***Anders***, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [***Anders***] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of ***Anders***, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

An ***Anders*** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. "When faced with a purported ***Anders*** brief, we

may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw." *Commonwealth v. Lee*, 2819 EDA 2017, at 2 (Pa. Super., filed May 6, 2019) (unpublished memorandum).

Instantly, we conclude Attorney Williams has satisfied the requirements of *Anders* and *Santiago*. Williams provided Baldwin with a copy of the brief; advised him of his right to retain new counsel or proceed *pro se*; and filed with this Court a copy of the letter she sent to Baldwin. *See Millisock*, 873 A.2d at 752. Accordingly, Williams has complied with the technical requirements for withdrawal.

Baldwin has not filed a response to the petition to withdraw. The *Anders* brief identifies one issue for our review – whether Baldwin's sentence entered after the court revoked probation exceeds the maximum sentence allowable under statute for his specific PWID conviction. *See* Appellant's brief, at 9-10. In particular, Baldwin contends the maximum sentence for a PWID heroin conviction is 10 years. *See id*, at 10.

We agree Baldwin's challenge to his sentence is frivolous. Baldwin was convicted of PWID heroin. Heroin is a Schedule I narcotic. *See* 35 P.S. § 780-104 (1)(ii)(10). Contrary to Baldwin's assertion, the maximum sentence for a PWID heroin conviction is 15 years. *See* 35 P.S. § 780-113 (f)(1). By Baldwin's own calculations, he had spent seven years, three months, and five days in custody prior to this revocation of his probation. Adding the maximum

sentence of 23 months produces a maximum aggregate term of incarceration of nine years, two months, and five days. Baldwin's sentence entered after the court revoked probation does not exceed the maximum sentence under the statute. Therefore, Baldwin's appeal is frivolous.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19